# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **TERRI LYNN CRUCE CORDER,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v.  } | Case No.:  2:14-cv-02133-RDP |
| } | |
| **CITY OF BESSEMER,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

This case is before the court on Defendant City of Bessemer's Motion for Partial Dismissal (Doc. 7), filed January 8, 2015. The Motion (Doc. 7) has been fully briefed. (Docs. 8, 13, 14). Defendant moves the court to dismiss certain of Plaintiff's claims based on the untimeliness of Plaintiff's EEOC filing and her inability to establish a causal link between her protected activity and her termination. Having considered the briefs and evidentiary submissions, the court concludes that Defendant's Motion (Doc. 7) is due to be granted.

**I.    BACKGROUND**[1]

On April 7, 1997, Plaintiff Terri Lynn Cruce Corder was hired by Defendant City of Bessemer as a police officer. (Doc. 3, ¶ 12). Over sixteen years later, on April 30, 2013, Plaintiff filed the Equal Employment Opportunity Commission ("EEOC") discrimination and retaliation charge against Defendant. (Doc. 3-1, at 1). In her April 30, 2013 charge, Plaintiff

---

[1] In evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court assumes the factual allegations in a plaintiff's complaint are true and gives the plaintiff the benefit of all reasonable factual inferences. *See Hazewood v. Found. Fin. Grp., LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008). A plaintiff's allegations may not be the "actual facts" in a case, but they are accepted as true for purposes of evaluating a motion to dismiss. *See id.* Accordingly, the facts set out herein are those alleged in Plaintiff's Amended Complaint (Doc. 3).

reported that the date of the latest incident of discrimination occurred on April 10, 2013. (*Id.*). The EEOC issued Plaintiff her notice of her right-to-sue letter, titled "Dismissal and Notice of Rights" on September 3, 2014. (Doc. 3-2, at 1). Plaintiff filed a Complaint in this court on November 3, 2014. (Doc. 1). Thereafter, on December 11, 2014, she filed an Amended Complaint. (Doc. 3). Plaintiff asserts that Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112(b)(5), as each pleading alleges various counts of discrimination and retaliation based on Plaintiff's race, gender, and disability. (Doc. 3 at 9-11).

Defendant filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that the Amended Complaint fails to state a claim. (Docs. 7, 8 at 2). With respect to certain of Plaintiff's claims occurring before November 1, 2012, Defendant argues that Plaintiff has not timely filed a charge of discrimination with the EEOC (Doc. 8 at 2-4), and as a result, certain of Plaintiff's Title VII and ADA discrimination claims are time-barred. (*Id.* at 2).

The court liberally construes Plaintiff's Amended Complaint as alleging the following relevant incidents, occurring outside the limitation period: (1) in May 2007, Plaintiff was ordered to submit to psychological testing (Doc. 3, ¶ 15); (2) in September 2011, Plaintiff received counseling regarding complaints from the Jefferson County District Attorney's office, but was allegedly threatened when she attempted to follow up on the complaints (*id.* ¶ 20); (3) in or around April 2011 (and again in September 2012), Defendant denied Plaintiff workers compensation for an MRI and surgery on her knees (*id.* ¶¶ 22-25, 39); (4) in May 2012, Defendant changed Plaintiff's schedule and placed her on administrative leave without pay after she (Plaintiff) was arrested on domestic violence charges (*id.* ¶¶ 27-30); (5) in August 2012, Defendant suspended Plaintiff for misuse of the law enforcement software "LETS/ALACOP"

(*id.* ¶¶ 33-35); and (6) in September 2012, Defendant reassigned Plaintiff with a five percent decrease in pay (*id.* ¶¶ 38-39). In addition, Defendant's Motion argues that, because Plaintiff cannot establish a causal connection between any protected activity and an adverse employment action, Plaintiff's retaliation claim also fails as a matter of law. (Doc. 7 at 4-6).

In Plaintiff's Response to Defendant's Motion to Dismiss, she argues that none of her claims are time barred because she was subjected to a hostile work environment. (Doc. 14 at 5). Plaintiff specifically identifies four events outlined in her Amended Complaint from which her retaliation claim allegedly stems. (Doc. 13, at 3-4; *see also* Doc. 3, ¶¶ 13, 14, 19, 34).

First, in 2003, Plaintiff filed a federal lawsuit against the City claiming sexual harassment. (*Id.* ¶ 13; *see also* Doc. 13, at 3). Plaintiff acknowledges that her case was dismissed on September 7, 2005, upon the court's finding that Plaintiff's patrol assignment was not an adverse employment action that rose to a threshold level of substantiality. (Doc. 3, ¶ 12).

Second, Plaintiff filed an EEOC charge against Defendant alleging sexual harassment and retaliation by Sergeant Hank Edwards on February 13, 2007. (*Id.* ¶ 14; *see also* Doc. 3-3, at 1). For the first time, Plaintiff's Response suggests that she filed an internal written complaint on October 16, 2006, and a follow-up letter in January 2007, but that both the internal complaint and letter were ignored. (Doc. 13 at 4). Plaintiff was issued a right-to-sue letter but never filed suit against Defendant. (Doc. 3, ¶ 14).

Third, Plaintiff alleges she filed another EEOC charge filed against Defendant's Police Department on May 25, 2011, alleging sexual harassment and retaliation by Captain Michael Roper and Lieutenant Darron Hunter. (*Id.* ¶ 19; *see also* Doc. 3-4, at 1).

Finally, Plaintiff claims reprisal occurred in August 2012, when she was suspended for twenty days. (Doc. 13 at 4). In July 2012, after Plaintiff's daughter's boyfriend, Patrick

3

Bradley, made a complaint, Plaintiff was investigated by Internal Affairs Lieutenant John Hayes for allegedly misusing the LETS/ALACOP law enforcement software. (Doc. 3, ¶¶ 26, 33). On August 21, 2012, Plaintiff received a twenty-day suspension for running Patrick Bradley's name during a 2010 investigation. Plaintiff was also required to make an appointment with employee assistance personnel. (*Id.* ¶ 34). Plaintiff appealed her suspension to Jefferson County's Personnel Board. (*Id.* ¶ 35).

Below, the court addresses Defendant's arguments that (1) certain of Plaintiff's claims are time-barred, and (2) because Plaintiff has failed to establish a causal connection between any protected activity and her termination, her retaliation claim also fails as a matter of law. (*Id.* at 4-6).

## II.   STANDARD OF REVIEW

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Still, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the nonmoving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

The Supreme Court has recently identified "two working principles" for a district court to use in applying the facial plausibility standard. First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as . . . factual allegation[s]." *Iqbal*, 556 U.S. at 678. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

Application of the facial plausibility standard involves two steps. Under prong one, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under prong two, the court must proceed to determine the claim's plausibility given the well-pleaded facts. That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.* If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Id.*

### III.   DISCUSSION

Defendant's Motion (Doc. 7) argues that certain of Plaintiff's claims are due to be dismissed for two separate reasons: Plaintiff failed to (1) timely file her EEOC charge and (2)

5

establish a causal link between her protected activity and her termination. For the reasons outlined below, the court concludes Defendant's Motion for Partial Dismissal (Doc. 7) is due to be granted.

### A.    Certain of Plaintiff's Claims Are Time Barred

With respect to the relevant limitations period, Defendant's Motion (Doc. 7) is due to be granted to the extent it seeks to preclude Plaintiff from asserting legal claims based upon discrete unlawful employment practices that occurred before November 1, 2012. To bring suit under Title VII, a plaintiff must first exhaust her administrative remedies. *H&R Block E. Entrs., Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010). In doing so, a plaintiff in Alabama must file a formal charge of discrimination with the EEOC within 180 days after the date of the last allegedly discriminatory act. 42 U.S.C. § 2000e-5(e)(1); *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 421 F.3d 1169, 1178 (11th Cir. 2005) (noting that Alabama is a non-deferral state). Here, Plaintiff filed the relevant EEOC charge on April 30, 2013 (Doc. 3-1, at 1); but, even construed liberally, Plaintiff alleges several discrete discriminatory actions that occurred more than 180 days before the date she filed her EEOC charge. Plaintiff acknowledges that if treated as "stand alone" violations, these claims would be untimely. However, she contends that these incidents are part of a hostile work environment claim that constitutes a continuing violation which runs into the time period that is actionable. Plaintiff's theory misses the mark.

The Supreme Court clarified the operation of Title VII's timely-filing requirement in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). In *Morgan*, the Supreme Court granted *certiorari* to consider "whether, and under what circumstances, a Title VII plaintiff may file suit on events that fall outside [the timely-filing] period." *Id.* at 105. On that question, the Court reached two different answers, *i.e.*, one which applied to each of the two

6

types of claims at issue in the case. First, the Court held that "discrete discriminatory [] acts, are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Chambless v. Louisiana-Pac. Corp.*, 481 F.3d 1345, 1349-50 (11th Cir. 2007) (citing *Morgan*, 536 U.S. at 113). The limitations period begins running the day the discrete act occurs. *Id.*

In contrast, hostile work environment claims may continue to occur over time. *Id.* at 117. Thus, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability if an act relating to the claim occurred within the filing period. *Morgan*, 536 U.S. at 120; *Chambless*, 481 F.3d at 1349-50.

"Where the discrete act is sufficiently related to a hostile work environment claim, so that it may be fairly considered part of the same claim, it can form the basis for consideration of untimely, non-discrete acts that are part of the same claim." *Chambless*, 481 F.3d at 1350. The pivotal question is whether the timely discrete acts are sufficiently related to the hostile work environment claim so as to be part of it. *Id.* at 1350. To sustain such a hostile work environment claim, a plaintiff must plead facts that tend to show her workplace was permeated with "discriminatory intimidation, ridicule, or insult" as required to overcome the limitations period under a hostile work environment theory. *Id.* (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Discrete discriminatory acts are not actionable if time barred even when they are otherwise related to acts alleged in a timely filed charge. *Morgan*, 536 U.S. at 113.

Here, Plaintiff has alleged only certain discrete employment actions occurring outside the limitations period. Specifically, Plaintiff's Amended Complaint alleges the following relevant conduct outside the 180-day period: (1) in May 2007, Plaintiff was ordered to submit to psychological testing (Doc. 3, ¶ 15); (2) in September 2011, Plaintiff received counseling regarding complaints from the Jefferson County District Attorney's office, but was allegedly

threatened when she attempted to follow up on the complaints (*id.* ¶ 20); (3) in or around April 2011, and again in September 2012, Defendant denied Plaintiff workers compensation for an MRI and surgery on her knees (*id.* ¶¶ 22-25, 39); (4) in May 2012, Plaintiff had her schedule changed and was placed on administrative leave without pay after being arrested on domestic violence charges (*id.* ¶¶ 27-30); (5) in August 2012, Defendant suspended Plaintiff for misuse of the law enforcement software "LETS/ALACOP" (*id.* ¶¶ 33-35); and (6) in September 2012, Plaintiff was reassigned with a five percent decrease in pay (*id.* ¶¶ 38-39).

None of these events suggests Plaintiff's workplace was permeated with "discriminatory intimidation, ridicule, or insult" as required to state a hostile work environment claim. *Chambless*, 481 F.3d at 1350 (citation omitted). Therefore, Plaintiff's pleadings provide no basis for the conclusion that any otherwise untimely discrete act is sufficiently related to any viable (and timely) hostile work environment claim which is able to overcome Title VII's limitation period. Accordingly, these unrelated, discrete acts cannot serve as the basis for an employment discrimination claim because each is outside the 180-day limitations period, and they do not form the basis of a hostile work environment claim.

Nevertheless, the evidence of Defendant's prelimitation actions may be admissible as background evidence that benefits the court's understanding of the current action.[2]

### B.   Plaintiff Has Not Stated a Claim for Retaliation

Defendant's Motion also seeks dismissal of Count Three of Plaintiff's Amended Complaint alleging retaliation. Specifically, Plaintiff alleges that she "was retaliated against by being terminated and being subjected to a hostile work environment . . . ." (Doc. 3, ¶ 66).

---

[2] To be clear, Defendant's Motion (Doc. 7) is denied to the extent it seeks to preclude the court's consideration (for other purposes in this litigation) as to whether Plaintiff engaged in protected activity.

Defendant's Motion (Doc. 7) challenges Plaintiff's ability to demonstrate a causal connection between any of the protected activity she has alleged and her adverse employment actions.

To succeed on a claim for retaliation, a plaintiff must show that (1) she engaged in protected activity, (2) her employer was aware of that activity, (3) she suffered an adverse employment action, and (4) there was a causal link between her protected activity and the adverse employment action. *See Maniccia v. Brown*, 171 F.3d 1364, 1369-70 (11th Cir. 1999). Defendant contends Plaintiff cannot demonstrate a causal link between Plaintiff's protected activity and an adverse employment action. (Doc. 8 at 4-5). The court agrees.

To establish a causal connection between protected activity and an alleged adverse employment action, a plaintiff must demonstrate a "very close" temporal proximity. *See Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). "If there is a substantial delay between the protected expression and the adverse action, in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law." *Id.* The Eleventh Circuit has addressed the length of delay that bars a claim for retaliation as a matter of law, endorsing the stance that generally a three to four month interval is insufficient to establish a causal connection. *See Higdon*, 393 F.3d at 1220 (noting the Supreme Court has indicated the same).

In this case, as a matter of law, Plaintiff cannot establish a causal link between her EEOC filings (*i.e.*, her protected activity) and any adverse employment action within the limitations period. Plaintiff pleads facts alleging that she engaged in protected activity no later than May 25, 2011.[3] (Doc. 3, ¶ 19 (Plaintiff filed EEOC charge on this date); *see also* Doc. 3-4, at 1). In

---

[3] Plaintiff vaguely insinuates that she was retaliated against for filing grievances with Jefferson County's Personnel Board. (*See* Doc. 3, ¶ 66). Title VII recognizes two forms of statutorily protected conduct. *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1350 (11th Cir. 1999). An employee is protected from discrimination if she has (1) "opposed any practice made an unlawful employment practice by this subchapter" (the opposition clause) or (2) "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter" (the participation clause). *Id.* (quoting 42 U.S.C. § 2000e-(3)a). Filing a grievance with the Personnel Board cannot be construed as participation. Nor has Plaintiff alleged that filing these grievances was

December 2012, Defendant placed Plaintiff on administrative leave without pay, and Defendant then terminated Plaintiff on April 10, 2013. (Doc. 3, ¶¶ 45-46). Therefore, at least *eighteen months* separate Plaintiff's protected activity and the adverse employment actions she challenges. Under Eleventh Circuit precedent, this interval prohibits Plaintiff from establishing the requisite causal connection sufficient to sustain a plausible claim for unlawful retaliation as a matter of law. Accordingly, because Plaintiff has pled no factual predicate for other later-occurring protected activity, Count Three of Plaintiff's Complaint alleging retaliation is due to be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 7) is due to be granted. Any alleged discriminatory act occurring before November 1, 2013, is time barred, and Plaintiff's retaliation claim is due to be dismissed for failure to state a claim.

A separate order in accordance with this Memorandum Opinion will be entered.

---

protected by the opposition clause. Plaintiff has not alleged any facts suggesting that she utilized Defendant's internal grievance procedure in order to oppose Defendant's discriminatory conduct. In fact, as relevant to her retaliation claim, Plaintiff alleges only that she appealed her August 21, 2012, suspension to the Personnel Board. Plaintiff does not, however, provide the basis upon which she appealed this suspension, or more importantly, any allegation that this appeal in any way opposes Defendant's discriminatory conduct.

Furthermore, beyond the above-mentioned appeal, neither the four corners of Plaintiff's Amended Complaint nor her relevant April 13, 2013, EEOC charge identifies or makes any mention of any other Personnel Board grievances. Accordingly, Plaintiff has not pled any other protected activity upon which she could sustain a claim for retaliation. *See, e.g.*, *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 589 n.8 (11th Cir. 1994) ("A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.").

Nevertheless, if Plaintiff believes that she can sustain a retaliation claim based on a Personnel Board grievance or appeal, Plaintiff is free to move for leave to further amend her Complaint to assert such a cause of action. Otherwise, the court concludes that Plaintiff's Complaint has failed to allege any opposition claim based on Plaintiff's Personnel Board grievances or appeals.

**DONE** and **ORDERED** this April 20, 2015.

                                                                    _____
                                                                    **R. DAVID PROCTOR**
                                                                    UNITED STATES DISTRICT JUDGE